FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 07 2017

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CASY CARLTON**                                          **PLAINTIFF**

vs.            No. 4:17-cv-_76 - KGB_

**JHOOK INVESTMENTS, INC., d/b/a**            **DEFENDANTS**
**JHOOK TOWING AND RECOVERY;**
**JEFF HOOKER and IVY HALL, INC.**

This case assigned to District Judge _Baker_
and to Magistrate Judge _Kearney_

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Casy Carlton, by and through his attorneys Joshua West and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Original Complaint") against Defendants JHook Investments, Inc., d/b/a JHook Towing and Recovery; Jeff Hooker and Ivy Hall, Inc.; and in support thereof he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff Casy Carlton, against Defendants JHook Investments, Inc. ("JHook"); Jeff Hooker ("Hooker"); and Ivy Hall, Inc.; collectively referred to as "Defendants") for violations of (1) the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and (2) the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and a reasonable attorney's fee and costs as a result of

Defendants' failure to pay proper overtime compensation under the FLSA and the AMWA.

## II.     JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiff's AMWA claim pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

6. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

7. Plaintiff is an individual and resident of Pulaski County, Arkansas.

8. Separate Defendant JHook is a for-profit corporation registered to conduct business in the State of Arkansas.

9. JHook operates a towing services company based in North Little Rock, Arkansas, under the business name of JHook Towing and Recovery.

10. Separate Defendant Hooker is an individual and resident of Arkansas.

11. Hooker is an officer and director of JHook.

12. Separate Defendant Ivy Hall, Inc., is a for-profit corporation registered to conduct business in the State of Arkansas.

13. Ivy Hall, Inc., provides towing services in and around Jacksonville.

### IV.     FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

15. Within the past three years preceding the filing of this Complaint, Defendants continuously employed at least four employees, such as drivers and dispatchers.

16. Each Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or has at least two employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as office supplies and equipment, vehicles, tow trucks, or communication equipment.

17. Each Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

18. Plaintiff entered into an employer-employee relationship with JHook and Hooker in February of 2016.

19. In February of 2016, JHook and Hooker hired Plaintiff as a tow truck driver. Plaintiff worked until February of 2017.

20. Plaintiff performed towing services and other duties incidental to towing on JHook's and Hooker's behalf.

21. After JHook and Hooker hired Plaintiff as a tow truck driver, Ivy Hall, Inc., also regularly dispatched Plaintiff to perform towing services on its behalf. In other words, Ivy Hall, Inc., dispatchers directly called Plaintiff and directed him to perform towing services on a regular basis.

22. Plaintiff performed towing services for Defendants solely within the State of Arkansas.

23. JHook assigned Plaintiff to drive a "rollback" truck.

24. JHook's "rollback" trucks were manufactured, either wholly or partially, in a location outside the State of Arkansas.

25. JHook paid Plaintiff $250.00 per week plus a commission of 25% of the amount of each tow job.

26. JHook deducted ten percent (10%) from each of Plaintiff's pay checks in each pay period.

27. None of the Defendants paid Plaintiff an overtime premium based on the number of hours that Plaintiff worked over forty hours per week.

28. In at least one workweek, Plaintiff performed his towing duties for more than forty (40) hours per week.

29. Plaintiff's scheduled hours were 8 to 5, Monday through Friday.

30. Plaintiff often performed towing duties for more time than his scheduled hours.

31. Plaintiff has not possessed a commercial driver's license at any time during his tenure of performing towing services for Defendants.

32. None of the Defendants ever required Plaintiff to possess or obtain a commercial driver's license to perform his duties as a driver.

## V. LEGAL ALLEGATIONS AND CLAIMS FOR RELIEF

33. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

### A. FLSA Overtime Violations

34. 29 U.S.C. § 207 requires employers to pay an overtime premium of one and one-half times an employee's regular rate for all hours that the employee works in excess of forty per week. 29 U.S.C.S. § 207 (LEXIS 2013).

35. Defendants failed to pay Plaintiff at a rate of one and one-half times his regular rate for all hours worked over forty (40) hours per week.

36. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, and a reasonable attorney's fee and costs as provided by the FLSA.

### B. AMWA Overtime Violations

37. Arkansas Code Annotated § 11-4-211 requires employers to pay one and one-half times an employee's regular rate for all hours that the employee works in excess of forty per week.

38. Defendants failed to pay Plaintiff at a rate of one and one-half times his regular rate for all hours worked over forty (40) hours per week violation of the AMWA.

39. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, and a reasonable attorney's fee and costs as provided by the AMWA.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Casy Carlton respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the AMWA and their relating regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime compensation and minimum wages under the FLSA, the AMWA and their relating regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and their relating regulations;

D. An order directing Defendants to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF CASY CARLTON**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER,
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: /s/ Joshua West
Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

and /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com