FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAR 30 2017
JAMES W. McCORMACK, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CASY CARLTON, JONATHAN JONES and BOBBY HARRISON** — **PLAINTIFFS**

vs. No. 4:17-cv-76-KGB

**JHOOK INVESTMENTS, INC., d/b/a JHOOK TOWING AND RECOVERY; JEFF HOOKER and IVY HALL, INC.** — **DEFENDANTS**

**FIRST AMENDED AND SUBSTITUTED COMPLAINT**

COME NOW Plaintiffs Casy Carlton, Jonathan Jones and Bobby Harrison, by and through their attorneys Joshua West and Josh Sanford of Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint ("Complaint") against Defendants JHook Investments, Inc., d/b/a JHook Towing and Recovery; Jeff Hooker and Ivy Hall, Inc.; and in support thereof, they do hereby state and allege as follows:

## I.PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiffs Casy Carlton, Jonathan Jones and Bobby Harrison (collectively referred to as "Plaintiffs") against Defendants JHook Investments, Inc. ("JHook"); Jeff Hooker ("Hooker"); and Ivy Hall, Inc.; collectively referred to as "Defendants") for violations of (1) the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and (2) the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA").

2. Plaintiffs seek a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper overtime compensation under the FLSA and the AMWA.

3. The purpose of this amendment is to add Plaintiffs Jonathan Jones and Bobby Harrison.

**II.JURISDICTION AND VENUE**

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiffs 's AMWA claim pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

**III.THE PARTIES**

7. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

8. Plaintiff Casy Carlton is an individual and resident of Pulaski County, Arkansas.

9. Plaintiff Jonathan Jones is an individual and resident of Lonoke County, Arkansas.

10. Plaintiff Bobby Harrison is an individual and resident of Pulaski County, Arkansas.

11. Separate Defendant JHook is a for-profit corporation registered to conduct business in the State of Arkansas.

12. JHook operates a towing services company based in North Little Rock, Arkansas, under the business name of JHook Towing and Recovery.

13. Separate Defendant Hooker is an individual and resident of Arkansas.

14. Hooker is an officer and director of JHook.

15. Separate Defendant Ivy Hall, Inc., is a for-profit corporation registered to conduct business in the State of Arkansas.

16. Ivy Hall, Inc., provides towing services in and around Jacksonville.

**IV.FACTUAL ALLEGATIONS**

17. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

18. Within the past three years preceding the filing of this Complaint, Defendants continuously employed at least four employees, such as drivers and dispatchers.

19. Each Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or has at least two employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for

commerce by any person, such as office supplies and equipment, vehicles, tow trucks, or communication equipment.

20. Each Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

21. Plaintiff Carlton entered into an employer-employee relationship with JHook and Hooker in February of 2016.

22. In February of 2016, JHook and Hooker hired Plaintiff Carlton as a tow truck driver. Plaintiff Carlton worked until February of 2017.

23. Plaintiff Carlton performed towing services and other duties incidental to towing on JHook's and Hooker's behalf.

24. After JHook and Hooker hired Plaintiff Carlton as a tow truck driver, Ivy Hall, Inc., also regularly dispatched Plaintiff to perform towing services on its behalf. In other words, Ivy Hall, Inc., dispatchers directly called Plaintiff and directed him to perform towing services on a regular basis.

25. Plaintiff Carlton performed towing services for Defendants solely within the State of Arkansas.

26. JHook assigned Plaintiff Carlton to drive a "rollback" truck.

27. JHook's "rollback" trucks were manufactured, either wholly or partially, in a location outside the State of Arkansas.

28. JHook paid Plaintiff Carlton $250.00 per week plus a commission of 25% of the amount of each tow job.

29. Plaintiff Jones entered into an employer-employee relationship with JHook and Hooker in April of 2016.

30. In April of 2016, JHook and Hooker hired Plaintiff Jones as a tow truck driver. Plaintiff Jones worked until February of 2017.

31. Plaintiff Jones performed towing services and other duties incidental to towing on JHook's and Hooker's behalf.

32. After JHook and Hooker hired Plaintiff Jones as a tow truck driver, Ivy Hall, Inc., also regularly dispatched Plaintiff to perform towing services on its behalf. In other words, Ivy Hall, Inc., dispatchers directly called Plaintiff and directed him to perform towing services on a regular basis.

33. Plaintiff Jones performed towing services for Defendants solely within the State of Arkansas.

34. JHook assigned Plaintiff Jones to drive a "rollback" truck.

35. JHook's "rollback" trucks were manufactured, either wholly or partially, in a location outside the State of Arkansas.

36. JHook paid Plaintiff Jones $600.00 per week plus a commission of 25% of the amount of each tow job performed after hours.

37. Plaintiff Harrison entered into an employer-employee relationship with JHook and Hooker in June of 2012.

38. In June of 2012, JHook and Hooker hired Plaintiff Harrison as a tow truck driver. Plaintiff Harrison worked until February of 2016.

39. Plaintiff Harrison performed towing services and other duties incidental to towing on JHook's and Hooker's behalf.

40. After JHook and Hooker hired Plaintiff Harrison as a tow truck driver, Ivy Hall, Inc., also regularly dispatched Plaintiff to perform towing services on its behalf. In other words, Ivy Hall, Inc., dispatchers directly called Plaintiff and directed him to perform towing services on a regular basis.

41. Plaintiff Harrison performed towing services for Defendants within the State of Arkansas and surrounding states.

42. JHook assigned Plaintiff Harrison to drive a "rollback" truck at least one day per week each and every work week.

43. JHook's "rollback" trucks were manufactured, either wholly or partially, in a location outside the State of Arkansas.

44. JHook paid Plaintiff Jones $600.00 per week plus a commission of 30% of the amount of each tow job performed after hours.

45. JHook deducted ten percent (10%) from each of Plaintiffs' pay checks in each pay period.

46. No Defendant paid Plaintiffs an overtime premium based on the number of hours that Plaintiffs worked over forty hours in any week.

47. In at least one workweek, Plaintiffs performed their towing duties for more than forty (40) hours per week.

48. Plaintiffs' scheduled hours were 8 to 5, Monday through Friday.

49. Plaintiffs often performed towing duties for more time than their scheduled hours.

50. Plaintiffs Carlton and Jones have not possessed a commercial driver's license at any time during their tenure of performing towing services for Defendants.

51. None of the Defendants ever required Plaintiffs Carlton and Jones to possess or obtain a commercial driver's license to perform his duties as a driver.

## V.LEGAL ALLEGATIONS AND CLAIMS FOR RELIEF

52. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A. FLSA Overtime Violations

53. 29 U.S.C. § 207 requires employers to pay an overtime premium of one and one-half times an employee's regular rate for all hours that the employee works in excess of forty per week. 29 U.S.C.S. § 207 (LEXIS 2013).

54. Defendants failed to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

55. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, pre-judgment interest, and a reasonable attorney's fee and costs as provided by the FLSA.

### B. AMWA Overtime Violations

56. Arkansas Code Annotated § 11-4-211 requires employers to pay one and one-half times an employee's regular rate for all hours that the employee works in excess of forty per week.

57. Defendants failed to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week violation of the AMWA.

58. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, pre-judgment interest, and a reasonable attorney's fee and costs as provided by the AMWA.

## VI.PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Casy Carlton, Jonathan Jones and Bobby Harrison respectfully pray that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the AMWA and their relating regulations;

B. Judgment for damages suffered by Plaintiffs for all unpaid overtime compensation and minimum wages under the FLSA, the AMWA and their relating regulations;

C. Judgment for liquidated damages owed to Plaintiffs pursuant to the FLSA, the AMWA, and their relating regulations;

D. An order directing Defendants to pay Plaintiffs prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFFS CASY CARLTON, JONATHAN JONES and BOBBY HARRISON**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER,
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

and ____________________
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com