IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CASY CARLTON, JONATHAN JONES**               **PLAINTIFFS**
**and BOBBY HARRISON**

vs.                          No. 4:17-cv-76-KGB

**JHOOK INVESTMENTS, INC., d/b/a**               **DEFENDANTS**
**JHOOK TOWING AND RECOVERY;**
**JEFF HOOKER and IVY HALL, INC.**

## PLAINTIFFS' PRETRIAL DISCLOSURE SHEET

COME NOW Plaintiffs Casy Carlton, Jonathan Jones and Bobby Harrison, by and through their attorneys of the Sanford Law Firm, PLLC, and for their Pretrial Disclosure Sheet, do hereby state as follows:

1. **Identity of the party submitting information.**

Plaintiffs Casy Carlton, Jonathan Jones and Bobby Harrison, by and through their attorneys of the Sanford Law Firm, PLLC.

2. **Names, addresses, and telephone numbers of all counsel for the parties.**

Joshua West and Josh Sanford of the Sanford Law Firm, PLLC, One Financial Center, 650 South Shackleford, Suite 411, Little Rock, Arkansas 72211, Phone: (501) 221-0088, Facsimile: 888-787-2040, Email: west@sanfordlawfirm.com josh@sanfordlawfirm.com.

3. **A brief summary of the claims and relief sought.**

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-201 et seq. The FLSA and AMWA require employers to pay each employee an overtime premium for all hours worked over forty per week. 29 U.S.C. § 206, 207; Ark. Code Ann. § 11-4-210–211. Defendants failed to pay Plaintiffs their overtime premiums for all hours worked over forty per week. Therefore, Plaintiffs seek to recover damages in the form of unpaid overtime, liquidated damages, attorneys' fees, and costs as provided for by 29 U.S.C. § 216(b) and Ark. Code Ann. § 11-4-218.

4. **Prospects for settlement.**

Plaintiffs are open to settlement negotiations. However, "[a]t this time, the settlement prospects are slim, but could change after the Court issues its rulings on the pending cross-motions for summary judgment." ECF No. 37, ¶ 2.

5. **The basis for jurisdiction and objections to jurisdiction.**

Plaintiffs seek relief under the FLSA, 29 U.S.C. § 201 *et seq.* Therefore, this Court has federal question jurisdiction of this action under 28 U.S.C. § 1331. This lawsuit also alleges causes of action under the AMWA, which arise out of the same set of operative facts as the federal causes of action, and which would be expected to be tried with the federal claims in a single judicial proceeding. Accordingly, this Court has supplemental jurisdiction over the additional AMWA claims pursuant to 28 U.S.C. § 1367(a). The acts complained of in Plaintiffs' Complaint were committed and had their principal effect within the Western Division of the Eastern District of Arkansas. Therefore, venue is proper within

Page 2 of 7
Casy Carlton, et al. v. JHook Investments, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:17-cv-76-KGB
Plaintiffs' Pretrial Disclosure Sheet

this District pursuant to 28 U.S.C. § 1391. Plaintiffs know of no objections to jurisdiction or venue.

**6.    A list of pending motions.**

Defendant's Motion for Summary Judgment, ECF No. 17; Plaintiff's Motion for Partial Summary Judgment, ECF No. 20.

**7.    A concise summary of the facts.**

Defendants primarily provided public and commercial towing services and commercial "big-rig" tractor-trailer repair services in central Arkansas. Plaintiff Carlton worked as a tow truck driver, and his rate of pay was a set salary of $250.00 per week plus commission, but no overtime. Plaintiff Jones worked as a tow truck driver, service truck driver, and mechanic, and his pay rate was $15.00 per hour plus commission. From March of 2016 through June of 2016, Plaintiff Harrison's rate of pay was $250.00 per week plus commissions, but no overtime. From July of 2016 through February of 2017, Harrison's rate of pay was $15.00 per hour plus commissions. Harrison worked as a tow truck driver.

Plaintiff Carlton regularly worked more than 40 hours per week, but because he was on salary, Defendants did not pay him overtime. Similarly, when Plaintiff Harrison was on salary, Defendant's did not pay him overtime, though he worked more than 40 hours per week.

While Plaintiffs Harrison and Jones were earning an hourly rate plus commissions, Defendant did not incorporate their commissions into the calculation of their regular rates, which in turn, caused a miscalculation of their overtime rates. Further, Harrison and Jones were on-call and were regularly called out, but they performed this call-out work off

the clock. This regularly occurred in weeks in which they otherwise worked forty or more hours per week, causing overtime violations.

**8.    All proposed stipulations.**

A.    All bates stamped documents provided by Defendants in the course of this case are authentic and admissible;

B.    Each Plaintiff and separate Defendants JHook and Hooker had a covered employer-employee relationship under the FLSA and AMWA;

**9.    The issues of fact expected to be contested.**

A.    The number of hours each Plaintiff worked each week;

B.    Whether Defendants had actual or constructive knowledge of the overtime Plaintiffs worked;

C.    In light of Harrison's testimony that he drove vehicles that weighed less than 10,000 pounds every week, and in light of Defendants' admission that Harrison "possibly" used a Ram 1500 parts truck for running business errands, Hooker Dep. 31:17–32:13, whether Defendants' lack of recollection on the subject is factually sufficient to negate Harrison's affirmative testimony;[1]

D.    Whether Defendants willfully failed to pay Plaintiffs all overtime due.

**10.    The issues of law expected to be contested.**

A.    Plaintiffs' damages;

---

[1] This will need to be addressed only if the Court finds Defendant's lack of recollection is legally sufficient to avoid summary judgment. The legal issue is addressed in Plaintiffs' Reply in Support of Motion for Partial Summary Judgment. Pls.' Reply at 9, ECF No. 32. Plaintiffs assert that lack of recollection cannot be used to defeat Plaintiffs' motion for partial summary judgment on this point. *See id.*

B. Whether Carlton is an exempt employee under Section 7(i) of the FLSA, which is the Retail-Commissioned Employees Exemption, and the equivalent AMWA exemption;

C. In light of Harrison's testimony that he drove vehicles that weighed less than 10,000 pounds every week, and in light of Defendants' admission that Harrison "possibly" used a Ram 1500 parts truck for running business errands, Hooker Dep. 31:17–32:13, whether Defendants' lack of recollection on the subject is legally sufficient to negate Harrison's affirmative testimony;[2]

D. Whether Plaintiff Harrison is exempt under the Motor Carrier Act Exemption of the FLSA and AMWA;[3]

E. Whether Ivy Hall was a joint employer.

**11.  A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Plaintiffs expect to offer:

A. A spreadsheet showing each Plaintiff's damages calculations;

B. Any and all payroll records provided by Defendant during discovery;

C. Plaintiffs' Commission Sheets.

---

[2] The legal insufficiency of Defendants' lack of recollection is addressed in Plaintiffs' Reply in Support of Motion for Partial Summary Judgment. Pls.' Reply at 9, ECF No. 32.

[3] This is addressed in Plaintiffs' Motion for Partial Summary Judgment. *See* ECF No. 20. Thus, this may not actually be a disputed issue at trial

Plaintiffs may offer the following exhibits:

A. All exhibits filed by Defendant and Plaintiffs in this case;

B. Any and all answers and responses to written discovery;

C. Any and all documents obtained or produced in discovery.

**12. The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiffs expect to call the following individuals as witnesses:

A. Plaintiff Casy Carlton;

B. Plaintiff Jonathan Jones;

C. Plaintiff Bobby Harrison;

D. Defendant Jeff Hooker.

Plaintiffs may call:

A. Defendant's 30(b)(6) witness or other corporate representative attending trial;

B. Any and all witnesses identified by or called by Defendant at any point in this case.

**13. The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

If this Court finds that Plaintiffs must use the Commission Sheets to prove their hours worked, Plaintiffs request the opportunity to obtain those records. Plaintiffs

Page 6 of 7
Casy Carlton, et al. v. JHook Investments, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:17-cv-76-KGB
Plaintiffs' Pretrial Disclosure Sheet

estimate that they would need one week to evaluate those records and incorporate them into a damages calculation.

**14.    An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiffs estimate that the trial of this matter can be accomplished in one to two days.

Respectfully submitted,

**CASY CARLTON, JONATHAN JONES and BOBBY HARRISON, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
