**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| **CASY CARLTON** and **BOBBY HARRISON** | **PLAINTIFFS** |
| V.   NO. 4:17-CV-00076 KGB | |
| **JHOOK INVESTMENTS, INC., d/b/a JHOOK TOWING AND RECOVERY; JEFF HOOKER and IVY HALL, INC.** | **DEFENDANTS** |

**DEFENDANTS' POST-TRIAL BRIEF**

Defendants JHook Investments, Inc. d/b/a JHook Towing and Recovery ("JHook"), Jeff Hooker, and Ivy Hall, Inc. ("Ivy Hall"), by and through their attorneys, Cox, Sterling, McClure & Vandiver, P.L.L.C., for their Post-Trial Brief, state:

### I.   ARGUMENT

**A.   Plaintiffs' "Guesswork" Is Insufficient Evidence Of Hours Worked**

An employee who brings suit under the FLSA for unpaid overtime compensation has the burden of proving that they performed work for which they were not properly compensated. *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 686-87 (1946). Employers are required to keep records of wages and hours. 29 U.S.C. § 211(c). If an employer fails to maintain accurate time records, the employee is relieved of proving the exact extent of uncompensated work and is given a relaxed evidentiary standard. *Carmody v. Kan. City Bd. of Police Comm'rs*, 713 F.3d 401, 406 (8th Cir. 2013). The relaxed standard is met if an employee has sufficient evidence to show the amount and extent of work "as a matter of just and reasonable inference." *Id*.  While the burden may be relaxed, it is not eliminated, and the employees must still prove the existence of damages. *Id*. at 407.

Plaintiffs have failed to establish sufficient evidence even under the more relaxed standard. General allegations couched in base assertions and vague testimony that fails to reference specific days and hours worked fails to meet "even the relaxed evidentiary standard." *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059-60 (8th Cir. 2014). Even when an employee gives an estimate of hours worked every week, they are still required to provide a meaningful explanation of how they arrived at the estimate. *Id*. at 1060. When the employee can only provide vague testimony that fails to reference specific days, then the employee fails to supply a meaningful explanation. *Id*.

In *Thompson v. Shock*, this Court explained that plaintiffs must still provide details, even under the relaxed evidentiary standard, that would allow a fact-finder to determine a plaintiff worked beyond forty hours in any specific week of employment. *Thompson v. Shock*, No. 4:13-cv-735-KGB, 2015 U.S. Dist. LEXIS 81902, at *39 (E.D. Ark. June 24, 2015). This Court ruled that Thompson fail to meet the realized evidentiary standard because he failed to put forward any evidence because Thompson provided "contradictory and bare assertions of how he spent his time on-call and of his overtime hours worked while he was on call." *Id*. at *40. This Court emphasized that Thompson failed to point out any specific week he worked beyond forty hours without being paid for it, just as Harrison and Carlton are unable to identify a specific week they worked beyond forty hours. *Id*. Furthermore, as was the case with Harrison and Carlton, Thompson was unable to give any specific facts as to how he spent his time working when he was not responding to calls. *Id*. at *13.

An employee is not able to demonstrate the amount of overtime he worked when he did not keep notes contemporaneously and he admits that he has no notes, nor other objective evidence, demonstrating the amount of overtime worked. *Zhou v. IBM*, No. 15-CV-1027-LRR, 2017 U.S. Dist. LEXIS 48547, at *64 (N.D. Iowa Mar. 31, 2017). Zhou was not able to meet even the relaxed

2

evidentiary standard because he could only demonstrate the amount of uncompensated time based on mere approximation or guesswork. *Id*. at *66. Like Zhou, the claims by Carlton and Harrison are unsupported by anything other than their own self-serving statements, and therefore they cannot meet even the relaxed evidentiary standard. *Id*.

Over-inclusivity, such as not excluding weeks with holidays or weeks an employee takes time off, undermines the sufficiency of overtime evidence even when the relaxed evidentiary standard is employed. *Rickard v. Hennepin Home Health Care, Inc*., No. 15-CV-3224 (JNE/KMM), 2016 U.S. Dist. LEXIS 143757, at *8 (D. Minn. Oct. 17, 2016). The *Rickard* court explained that blanket statements made by the employee, such as the employee claiming they never took a lunch break, constituted vague and contradictory evidence that failed to meet the evidentiary standard. *Id*. Rickard was unable to describe what tasks she performed while claiming she could not take breaks, nor could she describe how much time was spent on each task, just like Carlton and Harrison could not explain what tasks they performed that made them allegedly unable to eat a lunch. *Id*. The *Rickard* court correctly held that the employee provided "no meaningful details", and that these unsupported estimations were insufficient even though Rickard was not held to precision in estimating overtime. *Id*. at *9. Rickard's evidence was similar to Carlton's and Harrison's guesswork at trial, where Plaintiffs could only give estimates with zero specifics or details to try to prove they worked unpaid overtime.

*Dalton* involved an employee who was unable to survive summary judgment because she conceded she had no documentation showing her hours for any specific week and she was unable to cite an example of a week she worked more than forty hours. *Dalton v. Hennepin Home Health Care, Inc*., No. 15-cv-1566 (JNE/KMM), 2016 U.S. Dist. LEXIS 108765, at *6 (D. Minn. Aug. 16, 2016). Like Harrison and Carlton, Dalton gave general estimate of hours worked each week,

but admitted the hours varied from week to week. *Id*. at *5. Harrison's and Carlton's complete inability to identify a week they worked overtime, while instead alleging that they worked overtime every week, is fatal and renders them unable to meet either evidentiary standard. Further, they both admitted at trial that their weeks varied significantly.

In *Santiago*, the plaintiff was unable to provide any documentation detailing his days or hours worked, nor could he provide details which would allow a jury to determine he worked beyond forty hours in any specific week. *Santiago v. Saunders*, No. 14-61505-CIV-MORE, 2015 U.S. Dist. LEXIS 93999, at *6-7 (S.D. Fla. July 20, 2015). The *Santiago* court noted it joined many others when it ruled that the plaintiff could not satisfy the relaxed evidentiary standard when the employee could not explain even the vaguest details of the time he worked. *Id*. at *7. As was the case with Carlton and Harrison, Santiago's testimony was rebuffed by two former coworkers who contradicted Santiago's testimony that he did not miss lunch and that he was always working. *Id*. at *8. These rebuttals, combined with Santiago's imprecise guesswork, made Santiago's proof insufficient to establish Santiago had satisfied the relaxed evidentiary burden. These facts are analogous to the testimony given by Harrison and Carlton. Both Plaintiffs conceded that their estimates of the amount of overtime worked were guesswork and that neither could provide any documentation to support the vague estimates. Furthermore, the commission sheets and testimony from former coworkers contradicted the alleged amount of overtime that Plaintiffs claimed they worked. Therefore, this Court should join the many other courts that have found such vague, bare, and contradicted assertions are insufficient to satisfy the relaxed evidentiary standard.

*Meinke* also contains similar facts to those in the present litigation. In *Meinke*, the employer provided records of the employee's time. *Meinke v. S. Paramedic Servs*., No. 4:15-cv-448-DPM, 2017 U.S. Dist. LEXIS 3336, at *2 (E.D. Ark. Jan. 10, 2017). The employee alleged

that his hours were changed, cut, or not recorded at all, but the court found these arguments unpersuasive because none of the bare allegations were substantiated by specific dates, supporting documents, or other corroborating information. *Id*. Carlton and Harrison made similar allegations, such as alleging that their hours were not recorded at all, but they provided no evidence other than self-serving testimony to support their allegations. However, Defendants put on testimony that contradicted Plaintiffs' testimony regarding their alleged missed lunches and alleged hours worked. As in *Meinke*, this Court should find that Plaintiffs' sole piece of evidence, their unsubstantiated testimony, is insufficient to recover under the FLSA.

Neither Harrison nor Carlton were able to lend specificity to their estimates, as required by the FLSA. *Lindsay v. Clear Wireless LLC*, No. 13-834(DSD/FLN), 2016 U.S. Dist. LEXIS 31663, at *24 (D. Minn. Mar. 10, 2016). In *Lindsay*, the employee's lack of specificity, combined with the fact none of Lindsay's testimony was corroborated by other sources, led the court to rule that he could not succeed on his claims as a matter of law. *Id*. Broad statements to describe how estimations on the average amount of hours work were created, especially when the broad statements cannot identify what activities were performed or which weeks overtime was worked, is considered too vague to serve as sufficient evidence. *Id*. at *27. Carlton and Harrison are both plagued by similar instances of inability to be specific regarding what work was performed and when the work was performed.

There must be corroborating testimony from witnesses or documentation to support overtime claims for a plaintiff to prevail on a FLSA claim. *Vanhorn v. Tasneem Enter.*, No. 4:13cv722, 2015 U.S. Dist. LEXIS 179579, at *8 (E.D. Ark. May 13, 2015). Furthermore, the *Vanhorn* court noted that the damages calculations changed throughout the case, which the court ruled created an issue of inconsistent evidence that would not allow a fact finder to determine the

plaintiff to show a just and reasonable inference of hours worked. *Id*. Both Harrison and Carlton have given multiple damages calculations that have changed throughout the present case. These updated damage calculations create an issue of inconsistent evidence similar to the one referenced in *Vanhorn*. Similarly, as in *Vanhorn*, neither Harrison or Carlton can provide witness testimony or documentation to support their overtime claims. Unsubstantiated testimony is insufficient to allow a fact-finder to find overtime hours as a matter of a just and reasonable inference. *Pena v. Kindler*, 187 F. Supp. 3d 1070, 1079 (D. Minn. 2016). Therefore, because the Court is unable to determine the amount of work as a matter of just and reasonable inference, the Plaintiffs have failed to satisfy their burden.

Other district courts in various circuits have concurred with the *Holaway* precedent in the Eighth Circuit. *DiSantis* ruled that an employee who testified that she worked overtime every week is merely putting forth "vague, conclusory, and speculative testimony" to support their claim. *DiSantis v. Morgan Props. Payroll Servs.*, No. 09-6153, 2010 U.S. Dist. LEXIS 96838, at *39 (E.D. Pa. Sep. 16, 2010). In that case, the court ruled that the plaintiff did not meet the relaxed burden when she could not provide a factual foundation for her estimate. *Id*. at *40. Like DiSantis, Carlton and Harrison are unable to describe a shred of factual foundation for their estimates, which they admitted under oath were guesswork. Carlton and Harrison are completely unable to meet the "concrete particulars" required under both evidentiary standards. *Kolesnikow v. Hudson Valley Hosp. Ctr.*, 622 F. Supp. 2d 98, 119 (S.D.N.Y. 2009).

It is telling that neither Carlton nor Harrison brought forth any other witnesses to support their claims that they worked unpaid overtime. When an employee relies solely on their own testimony to establish the amount of hours worked, instead of producing documents or additional witnesses, they fail to come forward with sufficient and credible evidence. *Robinson v. Roberts*

*Hotels Mgmt. Detroit, LLC*, Civil Action No. 14-13899, 2016 U.S. Dist. LEXIS 390, at *15 (E.D. Mich. Jan. 5, 2016). Carlton and Harrison did not produce any witnesses to support their claims that they worked any unpaid overtime, let alone the amounts of overtime they alleged at trial. Instead, Defendant produced several former coworkers that contradicted Plaintiffs' self-serving testimony.

Courts have ruled that the employee has not met their burden when the employee primarily relies on his memory, even when the employee has some logs to support his memory and when the employee identified witnesses who could support the employee's allegations that he worked unpaid overtime. *Brown v. DS Servs. of Am., Inc*., 246 F. Supp. 3d 1206, 1221 (N.D. Ill. 2017). Brown, like Carlton and Harrison, gave an estimate for how much overtime she worked in a given time period, but she was unable to provide a basis for why she estimated the time as she did. *Id*. An employee is permitted to rely on their memory when they can point to "triggering factors" that could establish why they think they worked overtime a certain amount, such as missing a child's play, but when there is no evidence of the triggering factor, then any assertions are mere speculation. *Id*. at 1222. Harrison's and Carlton's testimonies were completely devoid of any references to triggering factors that could explain their estimates, and therefore their speculation is insufficient. *Blakes v. Ill. Bell Tel. Co*., 75 F. Supp. 3d 792, 820 (N.D. Ill. 2014).

The above cases all demonstrate why Harrison and Carlton's testimony is insufficient for this Court to find the amount and extent of uncompensated work as a matter of just and reasonable inference. This Court found in *Thompson* that bare assertions regarding the number of hours worked constitute insufficient evidence. Both Plaintiffs conceded under oath that their estimates were merely "guesswork". The Plaintiffs also admitted that they possessed no evidence to substantiate these estimates, while also clarifying that the estimates were an "average" number of

hours worked every week without any specification to a certain week. Both Plaintiffs alleged that they worked the entire time they were on call at Defendants' facilities, but neither Plaintiff could give any specific facts regarding how often they did certain types of work while they were not out in the field towing trucks, except "mowing grass" and "picking up tools." Further, Plaintiffs admitted that their guesswork and estimates were conjured up after they filed this lawsuit.

Moreover, both Plaintiffs' testimony suffers from over-inclusivity. The "estimates" purport to be numbers of hours worked every week. However, these time periods would have included holidays or days off in which Plaintiffs would have performed no work at all. The estimations, or guesswork, were too vague to take these sorts of specificities into account. Both Carlton and Harrison noted that they did not conduct the guesswork until the lawsuit was filed, which was long after after the alleged work supposedly occurred. These estimations do not allow a finding of the amount and extent of uncompensated work as a matter of just and reasonable inference.

Plaintiffs both had their allegations contradicted by their former coworkers. Not only were Carlton and Harrison unable to provide any corroborating documentation to support their testimony, but their self-serving testimony was directly refuted by their former coworkers. Two of Defendants' drivers, one from each company, testified that the amount of tows they performed varied and that there is no way to come up with an average. These testimonies were consistent with the testimony given by the owner of both companies. Carlton claimed to never take a lunch, but another truck driver stated he witnessed Carlton eat lunch both on the premises and off the premises. Furthermore, there was testimony that other drivers were able to take lunches and breaks during the down time between towing calls. These calls came in at random, which is why Plaintiffs have only provided vague guesses at the amount of hours worked instead of stating the hours with

any degree of specificity. Plaintiffs could only speak broadly about their alleged hours worked because they cannot provide a fair and reasonable inference for this Court to use.

The utter lack of corroborating evidence, whether it be documentation in the form of contemporaneous notes or additional witnesses, renders Plaintiffs unable to show the amount and extent of uncompensated work as a matter of just and reasonable inference. Defendants maintain they kept accurate records. Nonetheless, Plaintiffs are unable to meet even the relaxed evidentiary standard because they can only rely on vague testimony, bare assertions, and contradicted testimony. For this reason, the Court should find that their claims for unpaid overtime fail.

**B.      Defendants Had No Knowledge Of Any Unpaid Overtime**

The testimony was clear that it was the drivers' responsibility to accurately record their hours worked. Plaintiffs never complained about not being paid overtime. Any driver could work with Tim Moody to be paid overtime hours, as Harrison did when he drove to Las Vegas and testified that he was paid correctly that week. Drivers could take off and use their downtime during the day between calls to take personal breaks, to run errands, or to even go fishing. If a driver worked over forty (40) hours in a week, it was the driver's responsibility to inform Tim Moody. And even when the commission sheets showed hours worked after 5 pm in a week, those documents are not a complete and accurate record of all hours worked (and not worked) during the week. Thus, Plaintiffs claims fail because they failed to notify Defendants that they worked over forty (40) hours in a week.

**C.      Defendants' Exemptions**

Defendants stand on the pleadings and the evidence introduced at trial to support the arguments that both Plaintiffs were exempt from overtime requirements under the Retail Commission Exemption and the Motor Carrier Act Exemption.

## II.  CONCLUSION

For these reasons, Defendants respectfully request that the Court dismiss all claims against Defendants with prejudice and grant Defendants all other just and proper relief.

                    Respectfully Submitted,

                    COX, STERLING, McCLURE &
                    VANDIVER, PLLC
                    8712 Counts Massie Rd
                    North Little Rock, AR  72113
                    (501) 954-8073 Phone
                    (501) 954-7856 Facsimile
                    bavandiver@csmfirm.com

By:      */s/ Brian A. Vandiver*
        Brian A. Vandiver (Ark. Bar No. 2001078)

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Joshua West – west@sanfordlawfirm.com
Josh Sanford – josh@sanfordlawfirm.com
SANFORD LAW FIRM, PLLC
One Financial Center,
650 S Shackleford, Suite 411
Little Rock, AR 72211

                    */s/ Brian A. Vandiver*
                    Brian A. Vandiver (Ark. Bar No. 2001078)